IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| KENNETH BEAMON, | : | |
| Plaintiff | : | |
| VS. | : | CIVIL ACTION NO.: 5:10-CV-91 (HL) |
| CALPURNIA WASHINGTON, STANLEY WILLIAMS, BRIAN OWENS, | : | |
| | : | **ORDER** |
| Defendants | : | |

Plaintiff **KENNETH BEAMON**, an inmate at the Hancock State Prison in Sparta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## *I. REQUEST TO PROCEED IN FORMA PAUPERIS*

Plaintiff also sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In an Order dated March 29, 2010, the Court granted plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the

warden of the institution where plaintiff is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id*.

## III. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff states that on January 2, 1010, Sgt. "Calpurnia Washington maliciously confiscated a skullcap belonging to plaintiff." Plaintiff states that the skullcap has sentimental value to him because it was a gift from his deceased Uncle. Plaintiff states that Sgt. Washington "placed a disciplinary report . . . upon Plaintiff" and that Stanley Williams

denied his appeal "without pursuing any type of investigation." Plaintiff requests $19,000 in damages for the skull cap.

In relation to the confiscation of plaintiff's skull cap, the Supreme Court, in ***Hudson v. Palmer***, 468 U.S. 517, 533 (1984), held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a post-deprivation remedy for the loss is available." The reasoning behind this principle is that because an employee's action is unauthorized, the state cannot predict when it will occur and thus is unable to provide a pre-deprivation due process hearing. Plaintiff does not allege that Calpurnia Washington confiscated his personal property in accordance with established procedure. Instead, he alleges that Calpurnia Washington "illegitimately confiscated a sentimental skull cap." Therefore, it appears that Officer Washington's actions were random and unauthorized. As such, plaintiff's due process rights were not violated as long as Georgia provides an adequate post-deprivation remedy.

Georgia has enacted a cause of action for the wrongful conversion of personal property. *See* O.C.G.A. § 51-10-1. "This statutory provision covers the unauthorized seizure of personal property by police officials. Therefore, the state has provided an adequate post-deprivation remedy when a plaintiff claims that the state has retained his property without due process of law." ***Byrd v. Stewart***, 811 F.2d 554, 555 n.1 (11th Cir. 1987) (citations omitted). Such a cause of action in the state courts still remains available to plaintiff[1].

---

[1] O.C.G.A. § 9-3-32 provides that "[a]ctions for the recovery of personal property, or for damages for the conversion or destruction of same, shall be brought within four years after the

Plaintiff also claims that Calpurnia Washington issued a disciplinary report against him and that for thirty (30) days his store, telephone, and package privileges were suspended. Plaintiff states that Stanley Williams upheld the charges on appeal without conducting an investigation.

The filing of false disciplinary charges against an inmate does not alone amount to a constitutional violation. *See Owens v. Leavins*, 2006 U.S. Dist LEXIS 65176 at *6 (N. D. Fla. Sept. 13, 2006). The temporary loss of store, telephone, and package privileges for thirty (30) days does not involve the loss of a due process liberty interest. In **Sandin v. Conner**, 515 U.S. 472, 484 (1995), the Supreme Court found that a prisoner can be deprived of his liberty so as to be entitled to due process under the Constitution in two circumstances: (1) when the condition is so severe that it essentially exceeds the sentence imposed by the court; and (2) when the state has conferred a certain benefit on prisoners by statute or administrative policy and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.*; **Bass v. Perrin**, 170 F.3d 1312, 1318 (11th Cir. 1999). The inmate in **Sandin** received a thirty (30) day sentence in administrative segregation, which the court adjudged was not an atypical and significant hardship in the prison setting. Therefore, the inmate was not entitled to due process under the Constitution. Here, plaintiff states that he temporarily lost some privileges. This loss does not amount to an atypical and significant hardship imposed on plaintiff in relation to the "ordinary incidents of prison life." Thus, in subjecting plaintiff to

---

right of action accrued."

this penalty, prison officials did not deprive him of a constitutional liberty interest that had the effect of entitling him to due process procedures at a disciplinary hearing. *See Berry v. Brady*, 192 F.3d 504 (5th Cir. 1999); *Phillips v. Norris*, 320 F.3d 844 (8th Cir. 2003); *Payne v. Dretke*, 80 Fed. Appx. 314 (5th Cir. 2003).

Plaintiff has also named Brian Owens in the heading of his complaint. However, he makes no allegations against this individual in the body of his complaint. A § 1983 claim must allege a causal connection between a defendant and an alleged constitutional violation. See *Zatler v. Wainwright*, 802 F.d 397, 401 (11th Cir. 1986). Brian Owens is subject to dismissal on this ground alone.

Moreover, to any extent that plaintiff is attempting to hold Brian Owens responsible for the actions of his employees, it is well settled that a plaintiff cannot prevail under 42 U.S.C. § 1983 based on a theory of respondeat superior or supervisory liability. *Rogers v. Evans*, 792 F.2d 1052 (11th Cir. 1986); *H.C. by Hewett v. Jarrard*, 786 F.2d 1080 (11th Cir. 1986). Instead the plaintiff must show that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *H.C. by Hewett*, 786 F.2d at 1086-87. "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify supervising officials must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990), *cert. denied*, 500 U.S. 933 (1991).

Plaintiff does not allege that Brian Owens was personally involved in any of his alleged constitutional deprivations. Moreover, plaintiff's assertions do not establish the causal connection necessary to hold this defendant responsible for the plaintiff's alleged constitutional deprivations.

Based on these finding, plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 29th day of April, 2010.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

lnb