IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| KENNETH BEAMON, | : | |
| Plaintiff | : | |
| VS. | : | CIVIL ACTION NO.: 5:10-CV-91 (HL) |
| CALPURNIA WASHINGTON, STANLEY WILLIAMS, BRIAN OWENS, | : | |
| Defendants | : | **ORDER** |

Plaintiff **KENNETH BEAMON**, an inmate at the Hancock State Prison in Sparta, Georgia, has filed a motion for reconsideration.

Plaintiff continues to complain of Calpurnia Washington's confiscation of his skullcap. Plaintiff states that her "illogical confiscation inflicted psychological pain and emotional distress that violates the Eighth Amendment's prohibitions against cruel and unusual punishment."

Plaintiff maintains that defendant Washington did not have authority to confiscate his skullcap. He states that her actions were "without penological justification," a "misuse of power," "illogical," and an "actionable nuisance." Plaintiff states that she deprived him of his property without due process. As this Court has already explained, "when a deprivation of property is random and unauthorized, 'all that due process requires . . . is a post-deprivation "means of redress for property deprivations satisfy[ing] the requirements of due

process"'." *Pacesetter Apparel, Inc. v. Cobb County*, No. 09-12402, 2010 U.S. App LEXIS, 6883 at *4 (11th Cir. April 1, 2010)(quoting *McKinney v. Pate*, F.3d 1550, 1563 (11th Cir. 1994) and *Parratt v. Taylor* 451 U.S. 527, 537 (1981)(overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986))). "Georgia law provides an adequate postdeprivation remedy for a wrongful deprivation of property. Georgia law provides a cause of action for conversion of property, Ga. Code Ann. § 51-10-1." *Id*. at *5. Plaintiff needs to seek redress in the state courts pursuant to this Georgia statute.

Plaintiff also now maintains that Calpurnia Washington's confiscation of his skullcap constituted cruel and unusual punishment prohibited by the Eighth Amendment. While the Eighth Amendment does forbid inhumane prisons and excessive force, the confiscation of a skullcap does not rise to the level of cruel and unusual punishment. *See Estelle v. Gamble,* 429 U.S. 97 (1976) (Eighth Amendment prohibits prison officials from being deliberately indifferent to prisoner's serious medical needs)*; Farmer v. Brennan,* 511 U.S. 825 (1994) (deliberate indifference to sufficiently serious conditions of confinement can amount to Eighth Amendment violation); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (excessive force as Eighth Amendment violation).

For these reasons, and for reasons already discussed in the Court's April 29, 2010 Order, plaintiff's motion for reconsideration is **DENIED**.

**SO ORDERED**, this 28th day of June, 2010.

                                         s/ Hugh Lawson
                                         HUGH LAWSON
                                         UNITED STATES DISTRICT JUDGE

lnb